# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

GEORGE JARRETT

VERSUS

LINDA PERKINS a/k/a EVELYN PERKINS,
ET AL.

CIVIL ACTION

NO. 17-1775-BAJ-RLB

## **ORDER**

Before the Court is Defendants' Motion to Stay Discovery (R. Doc. 14). The Court extended the deadline to oppose this Motion to September 18, 2018. (R. Doc. 17). Plaintiff did not file an opposition to the instant Motion within that deadline.[1] Accordingly, the Motion is unopposed.

Also before the Court is Plaintiff's Motion for Discovery (R. Doc. 18). It appears that through this motion, Plaintiff seeks the opportunity to conduct discovery notwithstanding the arguments raised in Defendants' Motion to Stay Discovery. While the instant Motion is untimely to the extent it seeks to oppose Defendants' Motion to Stay Discovery, the Court has nevertheless considered the arguments raised by Plaintiff.

On December 15, 2017, George Jarrett ("Plaintiff") commenced this action, naming as sole defendants Linda Perkins a/k/a Evelyn Perkins and William Ross ("Defendants"). (R. Doc. 1, "Compl."). Plaintiff seeks recovery under 42 U.S.C. § 1983 and state law for alleged breach of contracts governing his sentence, status as a parolee, and payment of parole fees.

Defendants have filed Motions to Dismiss. (R. Docs. 12, 13). Among other things, Defendants argue that they are entitled to qualified immunity.

---

[1] On September 17, 2018, Plaintiff filed an opposition to Defendants' Motions to Dismiss (R. Docs. 12, 13). Plaintiff did not, however, address the motion to stay.

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive[.]" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). Accordingly, the Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain

the availability of that defense." *Backe*, 691 F.3d at 648. Under this procedure, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id*. (citing *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face"—excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648. "*After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id*. (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

Having reviewed the pleadings, the pending motions to dismiss, and the arguments of the parties, the Court finds it appropriate to stay discovery until resolution of the pending motions to dismiss. Discovery is inappropriate until the district judge has determined that the Complaint asserts facts which, if true, would overcome the defense of qualified immunity raised by Defendants. *See Backe*, 691 F.3d at 648.

**IT IS ORDERED** that Defendants' Motion to Stay Discovery (R. Doc. 14) is **GRANTED.** Discovery shall remain **STAYED** in this action until the resolution of Defendants' Motions to Dismiss (R. Docs. 12, 13). Should rulings be issued on the pending motions to dismiss, counsel shall immediately contact the undersigned so that appropriate action may be taken.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery (R. Doc. 18) is **DENIED.**

Signed in Baton Rouge, Louisiana, on February 19, 2019.

						**RICHARD L. BOURGEOIS, JR.**
						**UNITED STATES MAGISTRATE JUDGE**