# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE JARRETT | CIVIL ACTION |
| VERSUS | |
| LINDA PERKINS a/k/a EVELYN PERKINS, ET AL. | NO: 17-CV-01775-BAJ-EWD |

## RULING AND ORDER

Before the Court is Defendant William Ross' ("Ross") Motion to Dismiss George Jarrett's ("Plaintiff") claims asserted against him. (Doc. 12). Also before the Court is Defendant Linda Perkins' a/k/a Evelyn Perkins' ("Perkins," collectively with Ross, "Defendants") Motion to Dismiss Plaintiff's claims asserted against her. (Doc 13). Ross is a supervisor at the Division of Probation and Parole of the Louisiana Department of Public Safety and Corrections. At the time of the alleged incident, Perkins was an Inmate Records Administrative Assistant. Because both of these motions to dismiss focus on the same series of events and raise similar arguments as to why Plaintiff's complaint should be dismissed, for the purposes of judicial economy, the Court shall address both in this ruling. For the reasons stated below, Defendants' motions to dismiss Plaintiff's claims against them are **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff is a parolee currently under the supervision of the Louisiana Department of Public Safety and Corrections (Doc. 1). Plaintiff asserts that he

received a 30-year sentence for armed robbery after entering into a plea agreement with the Government. (Doc. 1 at p. 4). Plaintiff contends that on September 12, 1994, he was offered what he describes as a "contract" wherein he was to "receive 30 days for every thirty days in actual custody, pursuant to La. R. S. 15:571.3 'Diminution of Sentence'" (*Id.*). Plaintiff avers that on or about March 29, 2009, he was "put under duress" by Perkins, then an Inmate Records Administrative Assistant, and coerced into signing another "contract" releasing Plaintiff "as if under parole" as opposed to setting a parole hearing for Plaintiff (*Id.*). It is unclear from the record when Plaintiff was released from prison; however, Plaintiff avers in his complaint that he was required to pay "Parole Fees" beginning June 1, 2009. Plaintiff filed the instant suit on December 15, 2017. (*Id.*).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. In order to dismiss

a matter, "it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated." *Twombly*, 550 U.S., 581.

Concerning *pro se* plaintiffs, it "would be inequitable" to hold *pro se* litigants to strict procedural standards and thereby punish such litigants "for lacking the linguistic and analytical skills of a trained lawyer." *Perez*, 312 F.3d at 194. Nonetheless, courts "still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir.2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir.2013)). Thus, courts have held, for example, that "[p]ro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal." *In re Emergency Room Mobile Servs., L.L.C.*, 529 B.R. 676, 683 (N.D. Tex. 2015).

### B. Statute of Limitations

Section 1983 does not prescribe a statute of limitations. Instead, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016). The statute of limitations period begins to run when the plaintiff knows, or has reason to know of the injury which is the basis of the action.

### C. Supplemental Jurisdiction

Pursuant to 28 U.S.C. 1331 "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Generally, in any action where a federal court has original jurisdiction over an issue, the court also has supplemental jurisdiction over any related issues that form the same "case or controversy." 28 U.S.C. § 1367. However, once the claim upon which a court based its original jurisdiction is extinguished, a court may decline to exercise supplemental jurisdiction for the remaining issues. 28 U.S.C. § 1367(c)(3).

### III. DISCUSSION

According to La. Civ. Code Ann. Art 3492:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.

Plaintiff was allegedly coerced to sign his parole documents in violation of his 5th and 14th Amendment rights on March 29, 2009. Plaintiff did not bring the instant suit until December 15, 2017, over eight and a half years after the alleged harm occurred. Plaintiff knew or should have know that the alleged harm was taking place at the time he was "coerced" to sign the documents, in his mind waiving the benefit of a parole board hearing to which he was otherwise entitled. Plaintiff has been free from incarceration since at least June 1, 2009. Plaintiff has not offered any reason for his delay in filing the instant suit.

The Court finds that Plaintiff's claim is barred by the Louisiana statute of limitations for delictual actions. To the extent that Plaintiff is entitled to bring a

4

Section 1983 claim under these facts, he was required to do so within one year of the allegedly coercive action at the hands of Perkins. Plaintiff instead waited over eight and a half years after he was aware the harm occurred before bringing the instant claim. Plaintiff's § 1983 claims are DISMISSED.

Plaintiff also contends that a breach of the alleged contract created by his plea agreement occurred when he was "coerced" into signing his parole papers. Having dismissed Plaintiff's § 1983 claims, the Court declines to exercise supplemental jurisdiction in this matter, pursuant to 28 U.S.C. § 1367(c)(3). At the time of this incident, Perkins was an employee of the State of Louisiana. Plaintiff was a prisoner being released from a facility managed by the State of Louisiana. Plaintiff is still in the limited custody of the State of Louisiana as a parolee. There are no remaining claims that warrant federal jurisdiction in this case, and the State of Louisiana has methods by which Plaintiff's alleged breach of contract claims may be adjudicated. Simply put, this matter exclusively involves state actors, and this Court finds no reason to address this matter that can be completely disposed of in state courts. Plaintiff's claims based on breach of contract are DISMISSED.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motions to Dismiss (Docs. 12 and 13) are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaints are **DISMISSED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 25th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**